BRIAN S. KABATECK,  SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER,  SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS,  SBN 222458
 (at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
 (gkeller@chitwoodlaw.com)
DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
 (dkaplan@chitwoodlaw.com)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 873-3900
Facsimile:  (404) 876-4476

Attorneys for Plaintiffs
and the proposed class

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA SANDERS, KEITH YONAI, AND BONNIER CORPORATION, a Florida Corporation, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., a California Corporation; and DOES 1 through 250, inclusive,<br><br>Defendants. | CASE NO.: 5:08-CV-01713-JF<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE'S MOTION TO STRIKE CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT**<br><br><u>Hearing</u><br>Date:   November 14, 2008<br>Time:   9:00 a.m.<br>Courtroom:  No. 3<br>Judge:   Hon. Jeremy Fogel |

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................- 1 -

II.  MOTIONS TO STRIKE CLASS ACTION ALLEGATIONS ARE DISFAVORED BY THE COURTS AND ARE ROUNTINELY DENIED IN THIS DISTRICT AS PREMATURE...............................................- 2 -

III.  PLANTIFFS' BURDEN IN OPPOSING A MOTION UNDER RULE 12 IS NOT THE SAME AS PLAINTIFF'S BURDEN UNDER RULE 23 ...............- 5 -

IV.  RULE 23(C) DOES NOT SUPPORT STRIKING PLAINTIFFS' CLASS ALLEGATIONS AT THIS EARLY STAGE OF THE LITIGATION .................- 6 -

V.  IT IS PREMATURE FOR PLAINTIFFS TO ENGAGE IN ANY RULE 23(C) ANALYSIS ..............................................................................- 11 -

VI.  EVEN ASSUMING, *ARGUENDO*, THE COURT ELECTS TO ENGAGE IN A PREMATURE ANALYSIS OF PLAINTIFFS' EXPECTED MOTION FOR CLASS CERTIFICATION, THIS CASE IS ENTIRELY AMENABLE TO CLASS TREATMENT ..............................................- 11 -

   A.  Plaintiffs Have Standing To Bring This Class Action .................- 11 -

VII.  INDIVIDUAL ISSUES DO NOT OVERWHELMINGLY PREDOMINATE PLAINTIFFS' CAUSES OF ACTION UNDER RULE 23(B)(3) ...........................................................................................- 13 -

   A.  Apple's Analysis is Premised on a Misstatement of the Requirements of A Fraudulent Concealment Claim ...................- 13 -

      1.  *Reliance is not a Required Element of a Fraudulent Concealment Claim and Materiality Involves a Common Question of Law or Fact.* ...............................................- 14 -

      2.  *The Determination of a Duty to Disclose Involves Common Issues of Law and Fact as it is Dependant on Actions of Apple Not Those of the Plaintiff Class.* .......................................- 18 -

   B.  Plaintiffs' Claim for Breach of Express Warranty Can Be Maintained as a Class Action Without Necessitating Individual Determinations of Reliance for Each Class Member. .................- 20 -

VIII.  PLAINTIFFS' CLAIMS ARE TYPICAL OF THE CLASS AND THEY ARE ADEQUATE REPRESENTATIVES...........................................- 23 -

   A.  Unique Defenses of Non-Reliance and Materiality are not Applicable to Plaintiffs.............................................................- 23 -

   B.  Unique Defenses are not Applicable to Bonnier Corporation or to its Claim under California's Unfair Competition Law (the "UCL"). ..............- 24 -

IX.  CONCLUSION ...............................................................................- 25 -

i

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

# TABLE OF AUTHORITIES

**Cases**

*Am. Suzuki Motor Corp. v. Superior Ct.*
   37 Cal.App.4th 1291 (1995) ............................................................................... 11, 15
*Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1
   (D. Mass. 2003) ..................................................................................................... 7
*Bassiri v. Xerox Corp.*
   292 F. Supp. 2d 1212 (C.D.Cal. 2003) .............................................................. 3, 4
*Bennett v. Nucor Corp.*
   2005 WL 1773948 (E.D. Ark. 2005) .................................................................. 13
*Bishop v. Saab Auto A.B.*
   1996 WL 33150020 (C.D. Cal. Feb.16, 1996) .................................................... 11
*Blackie v. Barrack,* 524 F.2d 891
   (9th Cir. 1975) ....................................................................................................... 9
*Blakemore v. Superior Ct.*
   129 Cal.App.4th 36 (2005) ............................................................................. 20, 21
*Bristow v. Lycoming Engines*
   2007 WL 1752602 (E.D. Cal. June 15, 2007) .................................................... 21
*Brown v. Regents of Univ. of Cal.*
   151 Cal.App.3d 982 (1984) ................................................................................. 24
*Bureerong v. Uvawas*
   922 F.Supp. 1450 (C.D. Cal. 1996) ...................................................................... 4
*Caro v. Procter & Gamble Co.*
   18 Cal.App.4th 644 (1993) .................................................................................. 11
*Castano v. Am. Tobacco Co.*
   84 F.3d 734 (5th Cir. 1996) ................................................................................. 11
*Chamberlan v. Ford Motor Co.*
   223 F.R.D. 524 (N.D. Cal. 2004) ........................................................................ 21
*Chong v. State Farm Mut. Auto. Ins. Co.*
   428 F. Supp. 2d 1136 (S.D. Cal. 2006) ............................................................. 5, 6
*Clark v. McDonald's Corp.*
   213 F.R.D. 198 (D.N.J. 2003) ............................................................................. 13
*Clark v. State Farm Mut. Auto. Ins. Co.*
   231 F.R.D. 405 (C.D. Cal. 2005) .................................................................... 5, 6, 7

— ii —

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

*Colaprico v. Sun Microsystems, Inc.*
    758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ................................................... 4

*Conley v. Pac. Gas & Elec. Co.*
    131 Cal.App.4th 260 (2005) ......................................................................... 16

*Deitz v. Comcast Corp.*
    2007 WL 2015440 (N.D. Cal. July 11, 2007) .............................................. 28

*Denney v. Deutsche Bank AG*
    443 F. 3d 253 (2d Cir. 2006) ................................................................. 11, 14

*Dumas v. Kipp*
    90 F.3d 386 (9th Cir. 1996) ......................................................................... 13

*Engalla v. Permanente Medical Group, Inc.*
    15 Cal.4th 951 (1997) .................................................................................. 19

*Gartin v. S&M NuTec LLC*
    245 F.R.D. 429 (C.D. Cal. 2007) ........................................................... 18, 28

*Gary Plastic Packaging Corp. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*
    119 F.R.D. 344 (S.D.N.Y. 1988) ................................................................. 28

*General Tel. Co. v. Falcon*
    457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ........................... 1, 12

*Gonzalez v. Proctor and Gamble Co.*
    247 F.R.D. 616 (S.D. Cal. 2007) ........................................................... 11, 17

*Gray's Harbor Adventist Christian School v. Carrier Corp.*
    242 F.R.D. 568 (W.D. Wash. 2007) ............................................................ 26

*Hahn v. Mirda*
    147 Cal.App.4th 740 (2007) ........................................................................ 19

*Haley v. Medtronic, Inc.*
    169 F.R.D. 643 (C.D. Cal. 1996) ........................................................... 18, 26

*Horowitz v. Pownall*
    105 F.R.D. 615 (D. Md. 1985) ............................................................... 11, 18

*In re Best Securities Litigation*
    1994 WL 675160 (C.D. Cal. May 25, 1994) ............................................... 18

*In re TheMart.com, Inc. Sec. Litig.*
    114 F.Supp.2d 955 (C.D. Cal. 2000) ............................................................. 4

*In re Wal-Mart Stores, Inc.*
    505 F.Supp.2d 609 (N.D. Cal. 2007) .................................................... passim

— iii —

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

*In re Yahoo! Litigation*
    2008 WL 1882786 (C.D. Cal. April 21, 2008)............................................................ 30

*In re ZZZZ Best Securities Litigation*
    1994 WL 675160 (C.D. Cal. May 25, 1994) ............................................................. 11

*Keith v. Buchanan*
    173 Cal.App.3d 13 (1985).......................................................................................... 9, 24

*LeDuc v. Kentucky Central Life Ins. Co.*
    814 F. Supp. 820 (N.D. Cal. 1992) ............................................................................... 4

*LiMandri v. Judkins*
    52 Cal.App.4th 326 (1997)........................................................................................... 22

*Linder v. Thrifty Oil Co.*
    23 Cal.4th 429 (2000)................................................................................................... 16

*Linear Technology Corp. v. Applied Materials, Inc.*
    152 Cal. App.4th 115 (2007) ........................................................................... 19, 22, 29

*Link v. Mercedes-Benz of North America, Inc.*
    550 F.2d 860 (3d Cir. 1976)......................................................................................... 10

*Lovejoy v. AT&T Corp.*
    119 Cal.App.4th 151 (2004) ................................................................................... 18, 22

*Lucas v. Dep't of Corrections*
    66 F.3d 245 (9th Cir. 1995).......................................................................................... 13

*Mack v. General Motors Acceptance Corp.*
    69 F.R.D. 671 (M.D. Ala. 1996) ............................................................................ 12, 23

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*
    6 Cal.App.4th 603 (1992) ............................................................................................ 18

*Martin v. Dahlberg, Inc.*
    156 F.R.D. 207 (N.D. Cal. 1994) .......................................................................... 11, 18

*Massachusetts Mutual Life Ins. Co. v. Superior Court*
    97 Cal.App.4th 1282 (2002) ............................................................................... 9, 22, 25

*Migliaccio v. Midland Nat. Life Ins. Co.*
    2007 WL 316873 (C.D. Cal. 2007).......................................................................... 5, 6

*Miller v. Motorola, Inc.*
    796 F.R.D. 516 (N.D. Ill. 1977) ................................................................................. 13

*Moreno v. Baca*
    2000 WL 33356835 (C.D. Cal. Oct. 13, 2000) ............................................................ 5

*Nationwide Ins. Co. v. Central Missouri Elec. Co-op., Inc.*
    278 F.3d 742 (8th Cir. 2001) ........................................................................................ 3

— iv —

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

*Occidental Land, Inc. v. Superior Ct. of Orange County*
    18 Cal.3d 355 (1976) ............................................................................. 25

*Osborne v. Subaru of America, Inc.*
    198 Cal.App.3d 646 (1988).................................................................... 27

*Oshana v. Coca-Cola Co.*
    472 F.3d 506 (7th Cir. 2006)................................................................. 11

*Pease & Curren Ref., Inc. v. Spectrolab, Inc.*
    744 F.Supp. 945 (C.D. Cal. 1990)........................................................... 3

*RDF Media Ltd. v. Fox Broadcasting Co.*
    372 F.Supp.2d 556 (C.D. Cal. 2005) ................................................. 2, 3, 4

*Rios v. State Farm Fire and Cas. Co.*
    469 F.Supp.2d 727 (S.D. Iowa 2007) ........................................... 7, 12, 15

*Rose v. Medronics*
    107 Cal.App.3d 150 (1988).................................................................... 26

*Rosenbluth International Inc. v. Superior Ct.*
    101 Cal.App.4th 1073 (2002) ............................................................... 29

*Sagan v. Apple Computer, Inc.*
    874 F.Supp. 1072 (C.D. Cal. 1994) ........................................................ 4

*Sanneman v. Chrysler Corp.*
    191 F.R.D. 441 (E.D. Pa. 2000) ..................................................... 12, 23

*Schauer v. Mandarin Gems of Cal., Inc.*
    125 Cal.App.4th 949 (2005) ................................................................. 15

*Stubbs v. McDonald's Corp.*
    224 F.R.D. 668 (D. Kan. 2004) ............................................................. 13

*Thomas v. Conros Corp.*
    2003 WL 22854636 (Cal. App. Dec. 3, 2003) ..................................... 16

*Thompson v. Merck & Co.*
    2004 WL 62710 (E.D. Pa. Jan. 6, 2004)......................................... 10, 13

*Trew v. Volvo Cars of North America, L.L.C.*
    2006 WL 306904 (E.D. Cal. Feb. 8, 2006)............................................. 2

*Van Harken v. City of Chicago*
    906 F. Supp. 1182 (N.D. Ill. 1995) ...................................................... 11

*Vasquez v. Superior Court of San Joaquin County*
    4 Cal.3d 800 (1971) ............................................................................. 25

*Warth v. Selden*
    422 U.S. 490 (1975)]. ......................................................................... 15

*Wilner v. Sunset Life Ins. Co.*
    78 Cal.App.4th 952 (2000)............................................................................. 9
*Zinser v. Accufix Research Institute, Inc.*
    253 F.3d 1180 (9th Cir. 2001) ...................................................................... 14


**<u>Rules</u>**

Fed. R. Civ. P. 12................................................................................................... 1, 3
Fed. R. Civ. P. 23 ................................................................................................ 1, 10


**<u>Treatises</u>**

William Schwarzer, et al., Federal Civil Procedure Before Trial
    § 9:375 (2006) .............................................................................................. 3

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Apple Inc. ("Apple") seeks an order under Fed. R. Civ. P. 12(f) ("Rule 12(f)") striking Plaintiff's class allegations contained in Paragraphs 1 and 43-51 of Plaintiff's First Amended Complaint ("FAC").  Apple seeks to prematurely dismiss the class action allegations against it under the rubric of a "motion to strike" in a transparent attempt to circumvent the Court's consideration of a well-grounded motion for class certification after the Plaintiffs have had a fair opportunity to engage in class discovery.

Fed. R. Civ. P. 23(c) ("Rule 23(c)") requires a district court to conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class.  *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982).  So long as the class allegations are sufficiently pled, defendants should not be permitted to skip past this analysis through the archaic and disfavored mechanism of a motion to strike under Rule 12(f).

Plaintiffs are caught in the awkward position of opposing a motion to strike class allegations where, even before discovery, Plaintiffs have an extremely strong case for class certification.  On the one hand, Plaintiffs can take the position that the motion is facially premature and, on that basis alone, should be denied.  On the other hand, Plaintiffs could proffer the strong arguments that they presently have for class certification before they have conducted discovery, but that would potentially give implicit credence to Apple's improper attempt to have class certification issues determined before the parties conduct discovery.  In the end, Plaintiffs believe that they should provide a preview to the Court of the strength of their arguments for class certification with the understanding that such does not constitute a waiver of their argument in chief to the effect that Apple's motion should be denied as both premature and a transparent delaying tactic.

Motions to strike are generally regarded with disfavor and are not frequently granted because of the limited importance of pleading in federal practice, and because

- 1 -

such motions are often used merely as a delay tactic.  *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005).  *See, e.g., In re Wal-Mart Stores, Inc.*, 505 F.Supp.2d 609, 615 (N.D. Cal. 2007) [denying motion to strike class allegations at the pleading stage].   Apple simply cannot sustain its burden of demonstrating *beyond any doubt* that the requirements for maintaining a class action cannot be met.  *See Rios v. State Farm Fire and Cas. Co.*, 469 F. Supp. 2d 727 (S.D. Iowa 2007); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609. 614; *Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1, 11 (D. Mass. 2003) ["[A]s the non-moving party, all reasonable inferences must be construed in [plaintiff's] favor"].

Apple argues that the Plaintiff class is not "ascertainable" and the named Plaintiffs lack standing.  As demonstrated below and in the opposition to Apple's motion to dismiss, Plaintiffs have alleged sufficient injury to support their causes of action, since Plaintiffs have explicitly pled that but for Apple's conduct they would not have purchased the 20-inch Aluminum iMac. [FAC, ¶ 57.]  The Plaintiffs therefore were damaged because what they thought they were purchasing was worth less than what they actually got. See *Trew v. Volvo Cars of North America, L.L.C.*, 2006 WL 306904, *2 (E.D. Cal. Feb. 8, 2006).

Apple's motion should be denied in all respects.


## II.   MOTIONS TO STRIKE CLASS ACTION ALLEGATIONS ARE DISFAVORED BY THE COURTS AND ARE ROUNTINELY DENIED IN THIS DISTRICT AS PREMATURE

Pursuant to Rule 12(f), a party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bassiri v. Xerox Corp.*, 292 F. Supp. 2d 1212, 1219 (C.D.Cal. 2003).  The Court of Appeals reviews an appeal of a denial of a motion

under Rule 12(f) for abuse of discretion.   *Nationwide Ins. Co. v. Central Missouri Elec. Co-op., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001), *rehearing and rehearing en banc denied*.

Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because they are usually used as a delaying tactic.  *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005); *see also* William Schwarzer, et al., Federal Civil Procedure Before Trial § 9:375 (2006);  *Wal-Mart Stores, Inc.*, 505 F.Supp.2d at 615-616 [denying motion to strike class allegations at the pleading stage]; *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

Furthermore, courts must view the pleading under attack in the light most favorable to the pleader.  *Bassiri*, 292 F. Supp. 2d at 1220.  "Therefore, '[m]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id*. [quoting *LeDuc v. Kentucky Central Life Ins. Co*., 814 F. Supp. 820, 823 (N.D. Cal. 1992)].  If there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion.  *In re Wal-Mart Stores, Inc*., 505 F.Supp.2d at 614 [citing *In re TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)].  Before a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.  *RDF Media Ltd.*, 372 F. Supp. 2d at 561.  If the court is in doubt as to whether the challenged matter may raise an issue of law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits.  *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994).

Applying the standards articulated above, California district courts have routinely denied similar motions to strike class allegations brought before the commencement of discovery and prior to the filing of a motion for class certification, as premature.  *See Migliaccio v. Midland Nat. Life Ins. Co*., 2007 WL 316873, *9 (C.D. Cal. 2007)

1  [plaintiff's motion to strike nationwide class allegations for violations of state law denied

2  as premature and issue left for decision upon motion for class certification]; *Wal-Mart*

3  *Stores, Inc.*, 505 F.Supp.2d at 615-616; *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F.

4  Supp. 2d 1136 (S.D. Cal. 2006); *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405

5  (C.D. Cal. 2005); *Moreno v. Baca,* 2000 WL 33356835, *2 (C.D. Cal. Oct. 13, 2000)

6  [request to strike the class allegations was premature because court generally reviews the

7  class allegations through a motion for class certification].

8       For example, in *In re Wal-Mart Stores, Inc.*, Wal-Mart moved to either dismiss or

9  strike the plaintiff's class allegations on the grounds that various subclasses delineated in

10 the complaint were not sufficiently defined.  *Id.* at 614-615.  Although the court agreed

11 that the plaintiff's class definitions were suspicious and perhaps improper, it denied Wal-

12 Mart's motion as premature, noting that:

13
> Wal-Mart has not answered in this case, discovery has not yet
14 > commenced, and no motion for class certification has been filed.  In the
> absence of any discovery or specific arguments related to class certification,
15 > the Court is not prepared to rule on the propriety of the class allegations and
> explicitly reserves such a ruling.
16

17 *Id.* at 615-616.

18       Similarly, in denying a defendant's motion to strike class allegations for failure to

19 plead the required elements of Rule 23, the Central District of California has made the

20 following observations:

21
> Defendant relies on cases addressing whether a class should be
22 > certified, not whether class action allegations in a complaint should be
> stricken. Defendant's motion is premature.  While Plaintiff's complaint
23 > contains conclusory class action allegations, the allegations address each of
> the elements of Rule 23, relate to the subject matter of the litigation, and are
24 > not redundant, immaterial, or impertinent.  Viewing the complaint in the
> light most favorable to Plaintiff, the Court finds that Plaintiff's class
25 > allegations are sufficient to survive a motion to strike.  Whether Plaintiff will
> be able to succeed on a motion for class certification, however, is an entirely
26 > separate matter to be decided at a later date.
27

28

- 4 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

*Clark*, 231 F.R.D. at 407; *see also Chong*, 428 F. Supp. 2d at 1147 [same]; *See, also, Migliaccio v. Midland Nat. Life Ins. Co*., No. CV 06-1007, 2007 WL 316873, at *9  (C.D. Cal. 2007) [plaintiff's motion to strike nationwide class allegations for violations of state law denied as premature and issue left for decision upon motion for class certification].

Here, as in *Wal-Mart*, *Clark*, *Chong* and *Migliaccio,* Apple has not answered, discovery has not commenced and no motion for certification has been filed.   Far from being "redundant, immaterial, impertinent or scandalous," Plaintiffs' class action allegations address each of the elements of Rule 23 and relate to the subject matter of the litigation.  At the very least, Apple's motion to strike is premature.  Apple's motion should be denied and the Court should reserve its ruling on certification until the formal Rule 23 motion.

## III.   PLAINTIFFS' BURDEN IN OPPOSING A MOTION UNDER RULE 12 IS NOT THE SAME AS PLAINTIFF'S BURDEN UNDER RULE 23

On a pre-answer motion to strike class action allegations, the movant has the burden to demonstrate *beyond any doubt* that the requirements for maintaining a class action cannot be met.  *See Rios v. State Farm Fire and Cas. Co.*, 469 F. Supp. 2d 727 (S.D. Iowa 2007); *Wal-Mart Stores*, 505 F.Supp.2d at 614; *Barrett v. Avco Fin. Servs. Mgmt. Co*., 292 B.R. 1, 11 (D. Mass. 2003) ["[A]s the non-moving party, all reasonable inferences must be construed in [plaintiff's] favor"].  Apple's motion to strike class action allegations <u>does not</u> shift the burden to the plaintiff to demonstrate that it can satisfy all the requirements of Fed. R. Civ. P. 23(c).  Rather, the burden remains with Apple, and Apple has not met that burden.

Most of the cases cited by Apple in support of its motion to strike address whether a class should be certified in the context of the courts' ruling on a formal motion for class certification.  *Clark v. State Farm Mut. Auto. Ins. Co*., 231 F.R.D. 405, 407 (C.D. Cal. 2005); ["Defendant relies on cases addressing whether a class should be certified, not whether class action allegations in a complaint should be stricken. Defendant's motion is

1   premature."]. Plaintiff will file its motion to certify the class in due course after

2   obtaining the discovery needed to provide the Court with a full analysis of all of Rule

3   23's requirements.

4          Thus, the Court should deny Apple's motion to strike because as in *Clark*, Apple

5   relies on cases addressing whether a class should be certified, not whether class action

6   allegations in a complaint should be stricken. Apple has failed to satisfy its burden to

7   demonstrate beyond *any doubt* that the requirements for maintaining a class action cannot

8   be met. By any objective standard, Plaintiff's class allegations address each of Rule 23's

9   requirements, relate to the subject matter of this litigation, and are not redundant,

10  impertinent, or immaterial.

11         Accordingly, Apple's motion should be denied in all respects.

12

13  **IV.    RULE 23(C) DOES NOT SUPPORT STRIKING PLAINTIFFS' CLASS**

14  **ALLEGATIONS AT THIS EARLY STAGE OF THE LITIGATION**

15         This class action involves two iMac personal computer lines that were launched in

16  August 2007. These models, which Apple identified by the size of the computers'

17  displays, were the 24-inch Aluminum iMac and the 20-inch Aluminum iMac. Apple

18  represented that the quality of the display screens for the 24-inch and 20-inch Aluminum

19  iMacs were indistinguishable. These representations extended to not only Apple's

20  marketing statements, but ran also to the technical specifications that it published for the

21  displays. For example, Apple provided the same "Technical Specification" on its website

22  for the two displays: "Millions of colors at all resolutions." [FAC, ¶ 34.] This

23  representation of fact, just like Apple's more subjective statements equating the quality of

24  the two displays, is demonstrably false.

25         The gravamen of this action is that Apple failed to make certain material

26  disclosures in connection with the sale of the 20-inch iMac, which responsibility was

27  heightened by the inaccurate and deceptive disclosures that it actually did make. The

28  materiality of the non-disclosures should be indisputable since Apple affirmatively

marketed the quality of these display screens.  The inferior 6-bit display used in the 20-inch iMacs is capable of natively reproducing only 262 thousand colors.  The 8-bit display technology used in the 24-inch iMacs can natively reproduce 16.8 million colors.  The difference between the quality of these screens reveals that the non-disclosure extends far beyond mere "puffery."  Apple never informed consumers of this distinction.  Equally significant, Apple did not inform consumers that Apple's attempt to compensate for the fact that the 20-inch iMac display produces approximately $1/80^{th}$ the colors natively produced by the 24-inch iMac (using a technology known as dithering), results in image artifacts, color fading, color washout and reduced viewing angles.

Based upon these facts, this case is particularly amenable to class treatment.  As a non-disclosure case, Apple cannot argue that individual issues prevail because class-wide reliance is based on the materiality of the non-disclosure. *Wilner v. Sunset Life Ins. Co.*, 78 Cal.App.4th 952, 963 (2000) ["Accordingly, should the trial court find upon an evidentiary hearing that [defendant] made material misrepresentations to the class members, 'at least an inference of reliance would arise as to the entire class'"]; *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal.App.4th 1282 (2002) [plaintiffs did not need to present individual proof that each class member relied on particular representations made by the insurer or its agents]; *Blackie v. Barrack,* 524 F.2d 891, 907, fn. 22 (9th Cir. 1975) ["Causation as to each class member is commonly proved more likely than not by materiality"].  Likewise, a  breach of warranty claim requires no showing of reliance.  *Keith v. Buchanan,* 173 Cal.App.3d 13 (1985) ["A warranty statement is deemed to be part of the basis of the bargain and to have been relied upon as one of the inducements for the purchase of the product."].  Thus, in both instances, the only issue is one that is common to the class: whether the quality of the 20-inch iMac display screen is materially inferior to the 24-inch iMac display.  The UCL claim is similarly based upon nondisclosures.  Finally, the unjust enrichment claim is based upon unified conduct by Apple that resulted in an unjust enrichment to the company.

At the outset, Apple's argument is predicated upon outdated law.  Apple argues that Fed. R. Civ. P. 23(c)(1)(A) justifies the striking of class allegations at the pleading stage.  However, Apple cites cases that applied a prior version of Rule 23(c).   The language in the current version of the Rule would not support the results in those older cases.

In *Thompson v. Merck & Co.*, No. C.A. 01-1004, 2004 WL 62710,*2 (E.D. Pa. Jan. 6, 2004), the Eastern District of Pennsylvania relied heavily on the prior Rule 23(c) in its decision to strike the class action allegations from the complaint.  That version of Rule 23, read as follows: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so *maintained*."  Fed. R. Civ. P. 23(c)(1)(A) (2002) (emphasis added).  In 2003, Rule 23 was amended to its current form: "When a person sues or is sued as a representative of a class, the court must – *at an early practicable time* – determine by order whether to *certify* the action as a class action."  Fed. R. Civ. P. 23(c)(1)(A) (2007) (emphasis added).[1]  As the 2003 Advisory Committee Notes to Rule 23 explain, subsection (c)(1)(A) was amended because "[t]he 'as soon as practicable' exaction neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision."  *See generally Link v. Mercedes-Benz of North America, Inc*., 550 F.2d 860 (3d Cir. 1976) ["As soon as practicable" does not mean at the onset of the litigation, and the court should not make the class certification decision until after it has had adequate opportunity to acquaint itself with the case and the complexities likely to be encountered in its disposition]; *Van Harken v. City of Chicago*, 906 F. Supp. 1182, 1186 (N.D. Ill. 1995) ["Whatever imprecision is inherent in the use of

---

[1]    Effective December 1, 2007, Fed. R. Civ. P. 23(c)(1)(A) was amended to read as follows: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."

that phrase, it is clear that 'as soon as practicable' means before a decision on the merits"].

Indeed, the overwhelming majority of cases cited by Apple conforms to the well established principles articulated above and address the propriety of granting or denying a formal motion to certify a class, *not a motion to strike class allegations filed at the pleadings stage*.[2]  *Rios v. State Farm Fire and Cas. Co.*, 469 F. Supp. 2d 727 (S.D. Iowa 2007) is instructive in this regard.  In *Rios*, defendant State Farm moved to strike the plaintiff's nationwide class allegations, arguing that the plaintiff could not satisfy the commonality and superiority requirements of Rule 23(a) and (b)(3) because the substantive laws governing the plaintiffs' claims varied from state to state such that maintaining a class action was not proper.  *Id*. at 740.  The court denied the defendant's motion as premature, noting that because class discovery had not yet been completed, the court could not conduct a rigorous Rule 23 analysis.  *Id*.  In denying State Farm's motion to strike, the *Rios* court explained that:

> [T]he Court will be required to conduct a rigorous analysis on the conflicts of law at the certification stage after further discovery, and may ultimately conclude that [p]laintiffs cannot meet the commonality requirement. However, at this time, on State Farm's motion to strike and dismiss, it does not appear beyond doubt that [p]laintiffs cannot establish an actionable class action lawsuit.  For example, [p]laintiffs could possibly limit the multi-state class action to only include those states without conflicts of law, or possibly

---

[2]    *See, e.g.*, *Denney v. Deutsche Bank AG*, 443 F. 3d 253 (2d Cir. 2006); *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal.App.4th 1291 (1995); *Bishop v. Saab Auto A.B.*, No. CV 95-0721 JGD, 1996 WL 33150020 (C.D. Cal. Feb.16, 1996); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006); *Gonzalez v. Proctor and Gamble Co.*, 247 F.R.D. 616 (S.D. Cal. 2007); *Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996); *In re ZZZZ Best Securities Litigation*, No. CV-87-3574-RSWL, 1994 WL 675160 (C.D. Cal. May 25, 1994); *Martin v. Dahlberg, Inc.*, 156 F.R.D. 207 (N.D. Cal. 1994); *Horowitz v. Pownall*, 105 F.R.D. 615 (D. Md. 1985); *Caro v. Procter & Gamble Co.*, 18 Cal.App.4th 644 (1993); *Gartin v. S&M NuTec LLC*, 245 F.R.D. 429 (C.D. Cal. 2007); *Mack v. General Motors Acceptance Corp.*, 169 F.R.D. 671 (M.D. Ala. 1996); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441 (E.D. Pa. 2000).

> create a manageable number of sub-classes.  Currently, it is unclear what state laws will be involved, or what claims will ultimately remain after the completion of class discovery… [I]t would be more appropriate for the Court to address the commonality, *i.e.*, conflicts of law analysis, during the class certification stage, after class discovery.

*Id*. at  741-742 (some internal quotes and citations omitted).

In total, Apple cites eight cases in which a U.S. district court supposedly struck class allegations at the pleading stage.  Of these, one is a case involving a full-blown Rule 23(c) motion (*Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147 (1982)); two are cases where the court relied on an old version of Rule 23 after it had been amended precisely to prevent the reading given it by the district court (*Thompson v. Merck & Co.*, No. C.A. 01-1004, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004); *Bennett v. Nucor Corp.*, 2005 WL 1773948 (E.D. Ark. 2005)); two are not class action cases at all (*Lucas v. Dep't of Corrections*, 66 F.3d 245 (9th Cir. 1995); *Dumas v. Kipp*, 90 F.3d 386 (9th Cir. 1996)); the remaining three cases are discrimination cases which are inapposite to this case (*Stubbs v. McDonald's Corp.*, 224 F.R.D. 668 (D. Kan. 2004) [employment discrimination case involving necessarily individual issues]; *Clark v. McDonald's Corp.*, 213 F.R.D. 198 (D.N.J. 2003) [ADA case concerning certification of ***defendant class*** of franchisees not acting according to a uniform policy]; *Miller v. Motorola, Inc.*, 796 F.R.D. 516 (N.D. Ill. 1977) [employment discrimination case with only twenty possible plaintiffs which was based on prior Rule 23(c) and failed on "numerosity" grounds].

Apple's supporting authority for its motion is so paper thin as to be translucent.  These cases do not provide any meaningful justification to depart from the traditional class certification procedure in this district as set forth in *Wal-Mart*.

1 | **V. IT IS PREMATURE FOR PLAINTIFFS TO ENGAGE IN ANY RULE**
2 | **23(C) ANALYSIS**

3 Only at the class certification stage of the litigation does the burden shift to the

4 plaintiff to demonstrate that the requirements of Rule 23 are met. *Zinser v. Accufix*

5 *Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). However, Apple's Motion

6 to Strike seems to presuppose that Plaintiffs must respond with a full Rule 23(c) analysis.

7 Apple has gotten far ahead of itself. When Plaintiffs seek certification of the class,

8 Plaintiffs will show that the requirements of Rule 23(a) and 23(b) are met. Needless to

9 say, discovery may have the effect of impacting the scope of the class(es) (as well as the

10 causes of action) that Plaintiffs will ultimately seek to certify.

11

12 | **VI. EVEN ASSUMING, *ARGUENDO*, THE COURT ELECTS TO**
13 | **ENGAGE IN A PREMATURE ANALYSIS OF PLAINTIFFS'**
14 | **EXPECTED MOTION FOR CLASS CERTIFICATION, THIS CASE**
15 | **IS ENTIRELY AMENABLE TO CLASS TREATMENT**

16 | **A. Plaintiffs Have Standing To Bring This Class Action**

17 As it argues in the accompanying motion to dismiss, Apple contends that Plaintiffs

18 do not have standing to bring this class action. Apple's arguments are entirely without

19 merit.

20 Standing under Article III requires an "injury-in fact" to plaintiff that is "distinct

21 and palpable"; the injury must be fairly traceable to the challenged action; and there must

22 be a likelihood that the injury will be redressed by a favorable decision. *Denney v.*

23 *Deutsche Bank AG,* 443 F.3d 253 (2d Cir. 2006). For purposes of determining standing,

24 the court "must accept as true all material allegations of the complaint, and must construe

25 the complaint in favor of the complaining party" (*i.e.,* the class members). *Id.* at 263

26 [*quoting Warth v. Selden*, 422 U.S. 490 (1975)]. Apple raises two arguments regarding

27 whether the proposed class is ascertainable and has standing to sue. First, Apple asserts

28 that the class is overbroad because it includes owners rather than direct purchasers

- 11 -

thereby encompassing a group that, according to Apple, does not have standing.[3]
However, Apple's argument does not account for owners that have an assignment of
rights or third-party beneficiary status.   *See Schauer v. Mandarin Gems of Cal., Inc.*, 125
Cal.App.4th 949 (2005).   Plaintiffs should have an opportunity to address this issue after
discovery, so that the definition of the proposed class can be refined in response to facts
that are uncovered in that process.  *See Rios v. State Farm and Cas. Co.*,  469 F.Supp.2d
727, 741-42  (S.D. Iowa 2007) [declining to strike class allegations noting that the
Plaintiffs had already amended their complaint to narrow and specify the potential class
members and may do so further after discovery prior to certification].   At best, this issue
relates to the scope and definition of the class to be certified, not whether or not a class is
amenable to certification.

Apple's second argument to the effect that the class lacks standing (or is not
ascertainable) relies principally on cases that engage in an assessment of the merits of the
class claims prior to certification.  In particular, Apple relies on *Am. Suzuki Motor Co. v.*
*Superior Court*, 37 Cal. App.4th 1291 (1995), and argues for a determination on the
merits of Plaintiffs' claims at the pleadings stage:  "it is entirely unlikely, if not
impossible, that Apple's nondisclosure of its use of the TN panel, as opposed to the IPS
panel, proximately caused each class member harm."  (Defendant's Motion at 6.)
However, the Supreme Court of California, in *Linder v. Thrifty Oil Co.*, 23 Cal. 4th 429
(S. Ct. Cal. 2000), expressly disapproved of the *Am. Suzuki Motor Co.* court's inquiring
into the merits of the class claims in determining a motion for class certification (*i.e.,* well
after the pleading stage) opining, "we are not convinced that certification should be
conditioned upon a showing that class claims for relief are likely to prevail." *Id.* at 443.
Thus, California law is to the contrary of Apple's argument and provides no support for

---

[3] As stated in Plaintiffs' Opposition to Defendant's Motion to Dismiss the First Amended
Complaint, Plaintiffs do not oppose the dismissal of Plaintiff Sanders' claim, and
Plaintiffs will not address further her standing to sue.  Nonetheless, there are two other
representative plaintiffs for the proposed class, who have standing to bring these claims.

the peculiar notion that a court should enquire into the merits of the class claims at the *pleadings* stage (or even at the certification stage).  *See also Conley v. Pac. Gas & Elec. Co*., 131 Cal.App.4th 260, 268 (2005) ["the holding in *American Suzuki* on which the trial court relied has been placed in serious question, if not overruled, by *Linder's* holding"]; *Thomas v. Conros Corp*., No. E033235, 2003 WL 22854636, *2 (Cal. App. Dec. 3, 2003) ["the Supreme Court specifically rejected *Suzuki*"].  Because Apple's motion to strike requires a merits-based determination of whether or not the class suffered an "injury-in-fact," the motion should be denied as inappropriate at this time.

The representative plaintiffs for the proposed class have standing to sue, because they have alleged an "injury-in-fact" in their pleadings—namely, that they were induced to purchase a 20-inch iMac computer that possessed an inferior screen quality as compared to what they reasonably expected as a result of the conduct of the defendant. [FAC, ¶¶ 8-9.]  Contrary to Apple's assertion, the injury is not hypothetical—Plaintiffs do not allege that the screens "tend to" be inferior; rather, they allege that they are inferior due to an inferior component part.  Furthermore, all of the members of the class suffer the exact same injury.

## VII.   INDIVIDUAL ISSUES DO NOT OVERWHELMINGLY PREDOMINATE PLAINTIFFS' CAUSES OF ACTION UNDER RULE 23(B)(3)

### A.   Apple's Analysis is Premised on a Misstatement of the Requirements of A Fraudulent Concealment Claim

In its motion, Apple asserts that individual issues will overwhelmingly predominate the litigation as a class action with respect to the class claim for fraudulent concealment, arguing that individual mini-trials will be required on the elements of duty to disclose, materiality, and reliance.  [Defendant's Motion, 7:12.]  However, Apple supports its assertions with cases involving claims for ***common law fraud*** and other cases requiring reliance as an element rather than on actual ***fraudulent concealment*** cases.  The

- 13 -

cases cited by Apple are inapposite to Plaintiffs' claim.  Furthermore, contrary to Apple's

argument, the duty to disclose in this case does not require individual factual

determinations.  For these reasons, Apple incorrectly reaches the conclusion that

Plaintiffs' fraudulent concealment claim fails under Rule 23(b)(3).

### 1. *Reliance is not a Required Element of a Fraudulent Concealment Claim and Materiality Involves a Common Question of Law or Fact.*

Apple asserts that, in order to prove a claim for fraudulent concealment, Plaintiffs

are required to show ***reliance*** on Apple's omission.  Furthermore, Apple contends that

reliance involves individual factual determinations. The argument presented by Apple is

lengthy and cites numerous cases, but primarily, the cases support the seemingly non-

controversial proposition that, "***common law fraud*** claims requiring reliance are rarely

certified."[4] [Defendant's Motion, 7:17-28.]   The principal flaw in Apple's argument

however is that, in contrast to a common law fraud claim, ***reliance is not a required***

***element of a fraudulent concealment claim***.

Apple fails to cite any cases that conclude that reliance is an element of a claim of

***fraudulent concealment***.  Indeed, one of the many cases cited by Apple properly states

the requisite elements of the cause of action for fraudulent concealment: "(1) the

defendant must have concealed or suppressed a material fact; (2) the defendant must have

---

[4] *See*, *e.g*., *Gonzalez v. Proctor and Gamble Co*., 247 F.R.D. 616 (S.D. Cal. 2007)
[intentional and negligent misrepresentation claim requiring reliance brought against hair
products company]; *Gartin v. S&M NuTec LLC*, 245 F.R.D. 429 (C.D. Cal. 2007) [fraud
claim by dog owner against manufacturer of chew treats alleging esophageal and
intestinal injuries to dog]; *Haley v. Medtronic, Inc*., 169 F.R.D. 643 (C.D. Cal. 1996)
[intentional misrepresentation claim requiring reliance brought against pacemaker
company]; *In re Best Securities Litigation,* No. CV-87-3574-RSWL, 1994 WL 675160
(C.D. Cal. May 25, 1994) [fraud-based securities claim requiring reliance]; *Martin v.
Dahlberg*, Inc., 156 F.R.D. 207 (N.D. Cal. 1994) [fraud and RICO claims requiring
reliance in case brought against hearing aid manufacturer]; *Horowitz v. Pownall*, 105
F.R.D. 615 (D. Md. 1985) [tender offer fraud case involving Section 14(e) of Securities
Exchange Act of 1934 requiring reliance; alleged omitted information was widely
available from sources other than tender offer schedule].

1   been under a duty to disclose the fact to the plaintiff, (3) the defendant must have

2   intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4)

3   the plaintiff must have been unaware of the fact and would not have acted as he did if he

4   had known of the concealed or suppressed fact, and (5) as a result of the concealment or

5   suppression of the fact, the plaintiff must have sustained damage." *Lovejoy v. AT&T*

6   *Corp.*, 119 Cal.App.4th 151, 157-58 (2004), *quoting Marketing West, Inc. v. Sanyo*

7   *Fisher (USA) Corp.*, 6 Cal.App.4th 603, 612-13 (1992); *See also Hahn v. Mirda*, 147

8   Cal.App.4th 740, 748 (2007).  However, Apple does not use *Lovejoy v. AT&T* to support

9   its specious argument that reliance is a necessary element of a fraudulent concealment

10  claim; rather, Apple cites to *Lovejoy*  to establish the requirement of a "duty to disclose"

11  in fraudulent concealment claims.[5]  In short, Apple has not proffered any authority for the

12  proposition that reliance is a required element of a fraudulent concealment claim.  To the

13  contrary, Apple's citations make clear that reliance is not a required element of that cause

14  of action.[6]

15      Apple also asserts that Plaintiffs' claims will not share commonality as to the

16  materiality of the fact alleged to be concealed by offering its own opinion as to whether

17  or not its lack of disclosure was material to the class.  Apart from the rather salient point

18  that questions of materiality are inarguably questions of fact, any objective observer

19  would presumably find Apple's failure to disclose that it designed its 20-inch iMac with

20  an inferior LCD display to be of significant importance. *Engalla v. Permanente Medical*

21  *Group, Inc.*, 15 Cal.4th 951, 977 (1997).  This is especially true considering the wide

22  disparity in the number of colors that this 20-inch computer is capable of displaying and

23

24  _____

    [5] *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115 (2007) also
25  properly lists the elements of fraudulent concealment and duty to disclose.  *Id* at 131-32.
    Apple cites this in connection with its argument for "unique defenses" under the UCL –
26  not in its discussion of fraudulent concealment or duty to disclose.  [Defendant's Motion,
27  14:20.]

28

the number of colors that its predecessor and the 24-inch model are capable of displaying – 262,144 colors as compared to over 16 million colors. The large gap in the number of colors that the 20-inch iMac is able to display in relation to its predecessor and 24-inch version is a common fact that relates to the materiality of the omission. Apple's argument essentially amounts to a plea for this Court to prematurely rule on the merits of the claims based solely on Apple's own self-serving assurance that the fact it chose to conceal from its customers was "immaterial." Given the fact that the Complaint alleges that there is a material disparity in the quality of the displays, Apple's contention is untenable at this stage of the proceedings.

Compounding the flaws in this argument, once again, Apple relies on common law fraud cases and other cases requiring "reliance" rather than fraudulent concealment cases. [Defendant's Motion at 8 (*citing Martin v. Dahlberg*, *Caro v. Procter & Gamble Co*., and *Gartin v. S&M NuTec LLC*).] Apart from the fact that these are "reliance" cases, they are also distinguishable from Plaintiffs' case because in these cases there was a lack of uniformity in the information provided to plaintiffs, and plaintiffs were not aware of the representations made by defendants. These cases make it clear that determining whether materiality meets the "predominance" test will depend on the facts of the case, which will be more evident after discovery.

*Blakemore v. Superior Ct*., 129 Cal.App.4th 36 (2005) is more appropriate precedent. In *Blakemore*, the California Court of Appeals reversed the lower court's ruling striking the class action allegations. In that case, the plaintiffs, Avon cosmetic sales representatives, brought a fraudulent concealment claim and a UCL claim, among others, for Avon's alleged refusal to credit plaintiffs' accounts when they returned unordered products and other practices to discourage returns. The court decided that "the pleadings in this case do not show that individual issues affecting Avon's liability will predominate. We discern little difference between this case and numerous others, such as **consumer fraud** and wage and hour lawsuits, that have been allowed to proceed as class actions beyond the demurrer stage." *Id*. at 895 (emphasis added). Implicit in that

- 16 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

1  decision is that the questions of "duty to disclose" and "materiality" do not involve

2  individualized issues.  "The mere fact that separate transactions are involved does not of

3  itself preclude a finding of the requisite community of interest."  *Id.* at 894.[7]

4      Similarly, in *Chamberlan v. Ford Motor Co*., 223 F.R.D. 524 (N.D. Cal. 2004), the

5  Northern District of California certified a class in a case involving an automobile

6  manufacturer's duty to disclose alleged concealment of defects in its product.  The court

7  held that "common questions include whether … Ford had a duty to disclose its

8  knowledge, whether it failed to do so, whether the facts that Ford allegedly failed to

9  disclose were material…"  *Id.* at 526-27.  Also, in *Bristow v. Lycoming Engines*, No.

10  CIV. S-06-1947 LKK/GGH, 2007 WL 1752602 (E.D. Cal. June 15, 2007), a case

11  involving the sale of defective airplane equipment, the court held that the requirement for

12  class certification of "predominance of common questions of law or fact" was met.  The

13  common questions included "…whether defendants had a duty to disclose information

14  required allegedly unsafe nature and substandard testing of the crankshafts, whether the

15  information was material…"  *Id.* at *6.[8]  *See also Mass. Mutual Life Ins. Co. v. Superior

16  Ct*., 97 Cal.App.4th 1282, 1294 (2002) [in the context of insurance sold by defendant

17  insurance company to plaintiff purchasers, the "question of whether the undisclosed

18  information was material was a common question of fact suitable for treatment in a class

19  action"].

20      The present case involves common questions of law and fact among class members rather than

21  individualized issues when applying the proper elements of a fraudulent concealment claim.  These

22

23  [7] Arguably, Plaintiffs' claim provides a stronger case for "predominance" of common

24  facts and issues than the *Blakemore* case,  In *Blakemore*, Defendant had ongoing separate
   interactions (returning, shipping and granting credit for returned items) with each

25  plaintiff, whereas Plaintiffs' case involves merely the transaction of purchasing, which is
   a uniform single event.

26  [8]In that case, the court denied the class certification motion due to the fact that the named

27  Plaintiff was not the title-holder of the defective airplane, but was the 100% individual
   owner of the corporation that held title to the airplane.  The court granted the named

28  Plaintiff leave to amend the complaint and substitute a new plaintiff.

1   questions include whether Apple failed to disclose a material fact, and whether and to what extent

2   Plaintiffs sustained resulting damage.  Through the process of discovery, Plaintiffs will have a better

3   opportunity to prove that the class action meets the requirements of Fed. Civ. P. Rule 23 and would not

4   require individual mini-trials to establish liability, as Apple suggests.

5        **2.    *The Determination of a Duty to Disclose Involves Common
         Issues of Law and Fact as it is Dependant on Actions of Apple
6        Not Those of the Plaintiff Class.***

7        Apple correctly states that a duty to disclose is required with respect to each class

8   member in a fraudulent concealment case.  *Lovejoy,* 119 Cal.App.4th at 157.  A duty to

9   disclose exists if one of four circumstances exists:  (1) when the defendant is in a

10  fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge

11  of material facts not known to the plaintiff; (3) when the defendant actively conceals a

12  material fact from the plaintiff; or (4) when the defendant makes partial representations

13  but also suppresses some material fact.  *Linear Technology Corp. v. Applied Materials,*

14  *Inc.*, 152 Cal.App.4th 115, 132 (2007); *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336

15  (1997).  Plaintiffs allege in the complaint the second and fourth bases for the fraudulent

16  concealment claim.  Neither of these bases would require individualized determinations

17  with respect to each individual member of the class.  On the contrary, based on the

18  *Blakemore*, *Chamberlan*, and *Bristow* decisions described above, the determinations will

19  involve only common issues of fact and law as to Apple's actions and omissions rather

20  than any action by any particular class member.

21       Apple cites *Mack v. General Motors Acceptance Corp.*, 169 F.R.D. 671 (M.D. Ala.

22  1996), for the proposition that the duty to disclose depends on a determination of which

23  representations were made to each of the members.  However, again *Mack* is a fraud case,

24  thus it would be applicable but for the fact that this is a concealment case.  Furthermore,

25  ***under Alabama law***, a flexible facts and circumstances standard applies to the duty to

26  disclose in fraud cases.[9]  *Id.* at 677.  The *Mack* case makes no mention of the duty to

27  _____

28  [9] Apple fails to provide any argument for the application of Alabama law to claims by
    citizens of South Carolina and Florida against a California defendant.

disclose in cases where:  (1) a defendant has exclusive knowledge of material facts not known to the Plaintiffs, and (2) a defendant makes partial representations but also suppresses some material fact.  Presumably, the reason for the *Mack* court's omission of these bases is because they do not apply in Alabama.  However, it is precisely on these bases that Plaintiffs allege that the duty to disclose applies to this case.  As both of these pre-conditions for a duty to disclose are dependant on the actions of the defendant rather than particular individual facts of the plaintiff in any case, they do not require individualized treatment for each member of the class.

The other two cases cited by Apple are factually distinguishable from this case. *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, (E.D. Pa. 2000) was a suit against an automobile manufacturer where the complaint alleged defective prime coat caused the paint to peel on some of the cars produced by Chrysler.  The court ruled against class certification:   "Courts are hesitant to certify classes in litigation where individual use factors present themselves, such as cases involving allegedly defective motor vehicles and parts.".  *Id.* at 449.  *Brown v. Regents of Univ. of Cal.*, 151 Cal. App. 3d 982, 990-91 (1984), was a case involving representations regarding the quality of care at a medical center.  The court ruled against the plaintiffs:  "What may be appropriate to a determination of common issues in a relatively simple **consumer fraud action**, however, is entirely inappropriate when the alleged fraud relates to the decision to obtain heart surgery."  *Id.* at 990.  "If the physician knows or should know of a patient's unique concerns or lack of familiarity with medical procedures, this may expand the scope of required disclosure." *Id.* at 991.

Thus, *Sanneman* and *Brown* are cases where the resulting harm to each individual plaintiff in the class varied because of the uniqueness of each plaintiff.  By contrast, in the case at hand, Plaintiffs experienced a uniform harm, stemming from Defendant's installation of an inferior component part in the computers of all of the members of the Plaintiff class.

**B.      Plaintiffs' Claim for Breach of Express Warranty Can Be Maintained as a Class Action Without Necessitating Individual Determinations of Reliance for Each Class Member.**

Apple argues that express warranty claims present individual issues of fact thereby precluding class certification.  This argument is based on Apple's blanket assertion that a claim of breach of express warranty requires reliance by the buyer on the statement or promise by the seller.  Nevertheless, as fully briefed in Plaintiff's Opposition Brief to the Motion to Dismiss, "a buyer need not show that he would not have entered into the agreement absent the warranty or even that it was a dominant factor inducing the agreement.  A warranty statement is deemed to be part of the basis of the bargain and to have been relied upon as one of the inducements for the purchase of the product."  *Keith v. Buchanan*, 173 Cal. App. 3d 13, 23 (1985).  "A warranty statement made by seller is presumptively part of the basis of the bargain, and the burden is on the seller to prove that the resulting bargain does not rest at all on the representation."  *Id.*

The case of *Vasquez v. Superior Court of San Joaquin County*, 4 Cal.3d 800 (S. Ct. Cal. 1971) is instructive on the question of reliance on an express warranty.  That case was a consumer class action seeking rescission of contract on a theory of fraud, where freezer salesmen made false representations to buyers through a memorized standard statement recited to every member of the class (based in turn on a printed manual).  The court held that reliance could be inferred where the circumstances of the transaction support it:

> The rule in this state and elsewhere is that it is not necessary to show reliance upon false representations by direct evidence.  The fact of reliance upon alleged false representations may be inferred from the circumstances attending the transaction which often times afford much stronger and more satisfactory evidence of the inducement which prompted the party defrauded to enter into the contract than his direct testimony to the same effect.

*Id.* at 814 (quotations omitted).

Similarly, in *Occidental Land, Inc. v. Superior Ct. of Orange County*, 18 Cal. 3d 355 (S. Ct. Cal. 1976), the California Supreme Court ruled that "an inference of reliance arises if a material false representation was made to persons whose acts thereafter were consistent with reliance upon the representation." *Id.* at 363. *See also Mass. Mutual Life Ins. Co. v. Superior Ct.*, 97 Cal. App. 4th 1282, 1294 (2002) [reliance inferred where the information provided by defendant to prospective purchasers of insurance "appears to have been broadly disseminated"].

Thus, both *Vasquez* and *Occidental* stand for the proposition that reliance in cases of breach of express warranty may be inferred based on the circumstances.[10]  In particular, the question of whether or not to infer reliance will depend on the actions and omissions of the defendant and not the plaintiff.  Here, after Plaintiffs have an opportunity to proceed with discovery, Plaintiffs will be in a position to show that the breach of express warranty claim does not depend on individualized issues.

Apple cites *Rose v. Medronics*, 107 Cal. App. 3d 150 (1988), to support its argument that express warranty claims present individual issues precluding class certification. [Defendant's Motion, 10:24].  However, class certification was denied in *Rose* – a class action against a pace maker manufacturer for a defect in the product – based on facts that are distinguishable from this case.  Apart from the fact that *Rose* is a

---

[10] Even in fraud cases, the presumption of reliance may be applicable.  *See Gray's Harbor Adventist Christian School v. Carrier Corp.*, 242 F.R.D. 568, 573 (W.D. Wash. 2007)  ["a presumption of reliance is appropriate in fraud cases, such as this one, where [p]laintiffs have primarily alleged omissions, even though the [p]laintiffs allege a mix of misstatements and omissions. Proof of the omissions will *not* be based upon information each class member received…but on what [defendant] allegedly concealed in light of what consumers reasonably expect." (citations omitted)].  *See also Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 651 (C.D. Cal. 1996) ["because both misrepresentations and omissions were made in the instant circumstances, the Court finds that such individual reliance issues do not independently destroy the predominance of the common questions"].

1   tort case, presenting its own unique hurdles to class certification,[11] the court found that

2   Plaintiffs' cause of action for breach of express warranty was susceptible to

3   individualized questions of law or fact because the pacemakers were sold through

4   numerous different intermediaries. The court reasoned that "since the pacemakers went

5   from manufacturer to users by way of intermediaries (the prescribing physicians and

6   installing surgeons), in all likelihood the issue of express warranty would vary from user

7   to user." Clearly, these facts are not instructive on Plaintiffs' claims for express

8   warranty. Plaintiffs' claims are based on uniform representations made by Apple, not

9   representations from different individuals.

10         Apple also cites *Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646 (1988),

11   to support its case. However, it is clear from the facts of that case that the plaintiffs in

12   *Osbourne* had proceeded through depositions, which resulted in defendant uncovering

13   facts that supported dismissing the claim on the merits, because it was obvious that the

14   presumption of reliance was inapplicable in that case. *Id.* at 661.

15         Plaintiffs recognize that there are cases in other contexts (such as common law

16   fraud or other state law claims requiring reliance) that decline to apply a class-wide

17   presumption of reliance, those cases are factually distinguishable because they involve

18   situations where the plaintiff failed to show that the representations were uniformly made

19   to each member. In the present case, Apple's representations were posted on its website.

20   Moreover, through discovery, Plaintiffs will have an opportunity to gather the relevant

21   facts.

---

[11] "In such causes not only the issue of damages but the issue of liability may differ for each claimant." *Id.* at 155.

## VIII.  PLAINTIFFS' CLAIMS ARE TYPICAL OF THE CLASS AND THEY ARE ADEQUATE REPRESENTATIVES

### A.    Unique Defenses of Non-Reliance and Materiality are not Applicable to Plaintiffs.

Apple's argument regarding "typicality" and "adequacy of representation" depends once again on an erroneous reading of the elements of fraudulent concealment claims as well as the elements of breach of express warranty.  As explained above, fraudulent concealment does not require a showing of reliance.  Therefore, reliance would not constitute a unique defense to that claim.  As similarly detailed above, materiality would not constitute a unique defense against the representative Plaintiffs.  Also, under the *Vasquez* and *Occidental Land* cases, reliance would not constitute a unique defense in a case of breach of express warranty.

Apple's authorities in support of its argument for "unique defenses" include cases that are clearly distinguishable from the case at hand; primarily because the plaintiffs themselves in those cases were "*unusual*."  In *Gartin v. NuTec LLC*, 245 F.R.D. 429 (C.D. Cal. 2007), a fraud case brought by a dog owner against a manufacturer of chew treats for intestinal and esophageal damages, the court held that the "unique medical history will require a highly fact-specific determination of causation in Plaintiff's dog's case-unlikely to be useful in determining causation for other class members.  Thus, because Plaintiff relied on different representations and possessed a unique medical history, she is ill-suited to represent absent class members."  *Id*. at 434.

*Gary Plastic Packaging Corp. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 119 F.R.D. 344 (S.D.N.Y. 1988) is a securities fraud case, where the claim related to information in a sales bulletin, which was not uniformly available.  The named plaintiff did not have access to the bulletin, relied on representations by a family-member stockbroker, and continued to purchase the securities after the concealed fact was revealed.  In *Deitz v. Comcast Corp*., No. C 06-06352, 2007 WL 2015440 (N.D. Cal. July 11, 2007), plaintiffs brought a case against a cable television service provider for

- 23 -

1  providing and charging the class for unnecessary cable boxes.  Again, the named plaintiff

2  was unusual, because the cable box was necessary to *his* services, because he purchased

3  extra services that required the box.  Once the box became unnecessary after plaintiff

4  canceled service, the plaintiff was required to return box.  In addition, that plaintiff failed

5  to read the alleged misleading manual stating the terms of service.

6      Unlike the plaintiffs in the above cases provided by Apple,[12] Plaintiffs in the

7  present action are not unique as compared to the class.  Plaintiff Yonai purchased the

8  computer through Apple's online store and based on information on Apple's website.

9  Plaintiff Bonnier previously owned an earlier generation of a 20-inch iMac, and that

10 experience coupled with Apple's actions and omissions reasonably concluded that the

11 new iMac would not be vastly inferior.  Thus, as to each of the named plaintiffs as well as

12 the entire class, Apple's actions and omissions  created false expectations about the

13 quality of the computers purchased from Apple.   [FAC, ¶ 8.]

14      **B.     Unique Defenses are not Applicable to Bonnier Corporation or to**

15           **its Claim under California's Unfair Competition Law (the**

16           **"UCL").**

17      Apple contends that in bringing a representative UCL claim, Bonnier Corporation

18 suffers a unique defense because it is a corporate plaintiff and it is not a competitor of

19 Apple.  Apple's argument that the UCL is only applicable to corporate competitors rather

20 than corporate purchasers is erroneous.  While it is true that the court in *Linear*

21 *Technology Corp. v. Applied Materials, Inc*., 152 Cal.App.4th 115 (2007), held that the

22 sophisticated Silicon Valley corporate customers could not claim under the UCL, because

23 "each of [them] presumably has the resources to seek damages or other relief ... should it

24 choose to do so,"  *Id.* at 135 [quoting *Rosenbluth International Inc. v. Superior Ct*., 101

25 Cal. App. 4th 1073, 1078 (2002)], the *Linear Technology* court was carving out a narrow

26 exception to the UCL for actions "based on contracts not involving either the public in

27

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

1   general or individual consumers who are parties to the contract." *Id.* The facts of *Linear*

2   are not applicable here as Bonnier is not a party to a special contract with Apple and

3   purchased its iMacs in a similar manner as did the public in general.

4       More appropriate precedent is *In re Yahoo! Litigation*, No. CV 06-2737 CAS, 2008

5   WL 1882786 (C.D. Cal. April 21, 2008), where the court makes clear that *Linear*

6   *Technology* "does not necessarily prevent any corporate plaintiff from proceeding under

7   the UCL in a case arising from a contract that does not involve either public or individual

8   consumers." *Id.* at *15. The court held that the reasoning of Linear Technology turned

9   on the fact that the alleged victims were "sophisticated and individually capable of

10  seeking relief for their injuries." *Id.* Plaintiff Bonnier, like the corporate advertisers who

11  brought action in the *Yahoo* case, is not major corporation individually capable of seeking

12  relief against Apple.

13

14  **IX.**   **CONCLUSION**

15       For the reasons stated above, the Court should deny Apple's motion to strike

16  nationwide class allegations in its entirety.

17

18  Dated: September 26, 2008    By _____ /s/ _____

19

20                   **CHITWOOD HARLEY HARNES LLP**
                      Gregory E. Keller (To be admitted *Pro Hac Vice*)

21                   Darren T. Kaplan (Admitted *Pro Hac Vice*)
                      *Counsel for Plaintiffs and the proposed class*

22                   **KABATECK BROWN KELLNER LLP**

23                   Brian S. Kabateck
                      Richard L. Kellner

24                   Alfredo Torrijos
                      *Counsel for Plaintiffs and the proposed class*

25

26

27

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION TO STRIKE CLASS ACTION ALLEGATIONS (CV 07-01671 DDP)**

**CERTIFICATION OF SERVICE**

I, Alfredo Torrijos, hereby certify that on September 26, 2008, I caused the foregoing document titled **PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE'S MOTION TO STRIKE CLASS ALLEGATIONS FROM FIRST AMENDED COMPLAINT** to be electronically filed and served upon the persons named below via the ECF system.

This document is available for review and downloading from the EFC system.

LUANNE SACKS
 (luanne.sacks@dlapiper.com)
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA  94107-1957
Tel: (415) 836-2500
Fax: (415) 836-2501

MARK H. HAMER
 (mark.hamer@dlapiper.com)
DAVID A. KNOTTS
 (david.knotts@dlapiper.com)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel: (619) 699-2700
Fax: (619) 699-2701
*Attorneys for Defendant*
*Apple Inc.*

Dated: September 26, 2008            By: _____/s/_____
                                         Alfredo Torrijos