BRIAN S. KABATECK, SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER, SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS, SBN 222458
 (at@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
 (dkaplan@chitwoodlaw.com)
GREGORY E. KELLER (Admitted *Pro Hac Vice*)
 (gkeller@chitwoodlaw.com)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 873-3900
Facsimile:   (404) 876-4476

Attorneys for Plaintiff
and the Proposed Class

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANDRA SANDERS, KEITH YONAI, AND BONNIER CORPORATION, a Florida Corporation, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California Corporation; and DOES 1 through 250, inclusive,<br><br>Defendants. | CASE NO.: 5:08-CV-01713-JF<br><br>**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)**<br><br>Action Filed: March 31, 2008<br>Judge: Hon. Jeremy Fogel |

1

**NOTICE OF VOLUNTARY DISMISSAL (08-CV-01713-JF)**

PLEASE TAKE NOTICE that Chandra Sanders, Keith Yonai, and the Bonnier Corporation ("Plaintiffs"), through their counsel of record, hereby voluntarily dismiss their individual claims, with prejudice, pursuant to Fed. R. Civ. Pro. 41(a)(1), as follows:

WHEREAS, this action for unjust enrichment, fraudulent concealment, breach of express warranty, and violation of California Business and Professions Code sections 17200 *et seq.* was filed on March 31, 2008;

WHEREAS, a First Amended Class Action Complaint was filed on August 7, 2008;

WHEREAS, on January 21, 2009, the Court granted defendant Apple, Inc.'s Motion to Dismiss, granting leave to amend;

WHEREAS, Plaintiffs have elected not to file an amended complaint;

WHEREAS, no defendant has answered and no defendant has filed a motion for summary judgment;

WHEREAS, Plaintiffs and their counsel have decided to voluntarily dismiss the individual claims of Plaintiffs with prejudice;

WHEREAS, under Federal rule of Civil Procedure 41(a)(1), Plaintiffs are entitled to dismiss this action on their own initiative:

> Subject to the provisions of Rule 23(e), of Rule 66, and any statute of the United States, an action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment…

WHEREAS, this case involves putative class claims;

WHEREAS, the putative class has not been certified and Plaintiffs have not filed a motion for class certification;

WHEREAS, Federal Rules of Civil Procedure, rule 23(e)(1)(A) is inapplicable

to the instant dismissal as Rule 23(e) was amended in 2003 to resolve the ambiguity in the former Rule 23(e)'s reference to dismissal of "a class action" *see* 2003 Advisory Committee Notes, and now provides:

> The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class*.

Fed. R. Civ. Pro. 23(e); *see e.g., Cook v. WMC Mortgage Corp.,* No. 06-535, 2006 WL 2873439, at *1 (S.D. Ill Oct. 5, 2006) (permitting voluntary dismissal of putative class action pursuant to Fed. R. Civ. Pro. 41(a)(1)(i) and discussing Rule 23 amendments);

WHEREAS, no prejudice to absent putative class members will result from dismissal of this action, because a class has not been certified and the dismissal will not affect their rights;

WHEREAS, Federal Rule of Civil Procedure 23(e)(1)(B) is inapplicable to the instant dismissal as none of the absent putative class members would be bound. Fed. R. Civ. Pro. 23(e)(1)(B); *see also* 2003 Advisory Committee Notes ("notice is not required when the settlement only binds the individual class representatives"); and

WHEREAS, no notice need be sent to absent putative class members, because a class has not been certified, the case is in its infancy, the case has not been widely publicized and no absent putative class member will be bound by the voluntary dismissal of Plaintiffs' claims.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

THEREFORE, Plaintiffs hereby dismiss the action with prejudice as to the individual claims of Plaintiffs.

Dated:  February 27, 2009          KABATECK BROWN KELLNER LLP


                                   By: _____/s/_____
                                       ALFREDO TORRIJOS
                                       Attorneys for Plaintiffs


IT IS SO ORDERED.

Dated:  3/2/09                     By: _____
                                       Hon. Jeremy Fogel
                                       United States District Court Judge